## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | : | Case No. 3:09CV2965 |
| Plaintiff, | : | |
| v. | : | MEMORANDUM DECISION AND ORDER |
| One 1965 Chevrolet Impala Convertible, | : | |
| Defendant, | : | |

The parties have consented to have the undersigned Magistrate to enter final judgment in this forfeiture action filed pursuant to 21 U.S.C. § 881(a)(6).  Pending is Plaintiff's unopposed Motion for Summary Judgment (Docket No. 31).  For the reasons that follow, the Magistrate grants the Motion for Summary Judgment.

### JURISDICTION

District courts have original jurisdiction of a forfeiture action filed by the United States under 28 U.S.C. § 1345 and over a proceeding pursuant to 28 U. S. C. §§ 1355(a), 1355(b)(1)(A).  A civil proceeding for the forfeiture of property may be prosecuted in the district where the property is found.  28 U. S. C. § 1395(b) (Thomson Reuters 2011).  Venue is proper in the Northern District of

Ohio because the vehicle was seized in Oregon, Ohio.

### THE PARTIES.

Plaintiff, the United States of America, seeks forfeiture of a 1965 Chevrolet Impala Convertible, identified by Vehicle Identification Number (VIN) 166675d182462 (Defendant Chevrolet).

Claimant Elroy Pecina-Perez asserts a legal interest in Defendant Chevrolet.

### FACTUAL BACKGROUND.

Claimant does not dispute the following facts. On May 18, 2009, a Drug Enforcement Administration (DEA) Task Force Agent and other law enforcement officers met with a DEA Confidential Source (CS) for purposes of sending the CS to an Auto Zone (AZ) business location where Claimant worked (Docket No. 36, ¶ 9). The CS was equipped with a small recording device prior to leaving for his meeting with Claimant at AZ (Docket No. 36, ¶ 10). Driving Defendant Chevrolet, Claimant entered the AZ parking lot and parked next to the CS (Docket No. 36, ¶ 11). Claimant exited the Defendant Chevrolet and began speaking with the CS next to the Defendant Vehicle. According to the CS, the Claimant indicated that a shipment of cocaine had been received (Docket No. 36, ¶ 12). The CS also stated that the Claimant quoted a price of $9,000 for the nine ounces of cocaine ordered (Docket No. 36, ¶ 14).

Later the same day, the CS placed a recorded call to Richard Banda and ordered a "nine pack," meaning nine ounces of cocaine. Banda said that he would meet the CS shortly. The CS was given $9,000 in photocopied official funds for use as payment before his meeting with Banda (Docket No. 36, ¶ 15). The DEA Agent observed Banda, carrying what appeared to be a white bag in his right hand, enter the target location to meet with the CS. Minutes later, Banda exited the building and left the target location (Docket No. 36, ¶ 16). The CS gave the white plastic bag to the DEA

2

agent.  The bag contained approximately nine ounces of a white chunk substance that was later confirmed to be cocaine.  The CS advised that he gave the $9,000 that had been photocopied to Banda (Docket No. 36, ¶ 17).

On July 1, 2009, the DEA Agent and officers from the Oregon Police Department (OPD) received information from a CS that there was a large quantity of cocaine located at the Claimant's Oregon, Ohio, residence (Docket No. 36, ¶ 18).  Under the direction of the DEA agent, the CS arrived at Claimant's residence and observed 50 to 60 kilograms of cocaine.  The CS helped Claimant and two other suspects, Banda and Perez Guadalupe, Jr., repackage the cocaine (Docket No. 36, ¶ 19).

Based on information from the CS, the DEA agent contacted OPD on July 2, 2009, to advise that Banda had driven away from Claimant's residence and was carrying 9 kilograms of cocaine in his car (Docket No. 36, ¶ 20).  OPD stopped the car driven by Banda, and found the 9 kilograms of cocaine (Docket No. 36, ¶ 20).  Also on July 2, 2009, the DEA Agent obtained a search warrant for Claimant's residence and seized 50 kilograms of cocaine and Defendant Chevrolet located in Claimant's driveway (Docket No. 36, ¶s 22, 23).  The estimated market value of the Defendant Chevrolet is $20,400 (Docket No. 36, ¶ 24).  The Claimant's reported income for 2008 was $14,000 (Docket No. 36, ¶ 25).

**PROCEDURAL BACKGROUND**

On July 30, 2009, the Claimant was indicted on four counts of intentionally possessing with intent to distribute a detectable amount of cocaine, a violation of 21 U. S. C. §§ 841(a)(1) and 841(b)(1)(C).  On May 20, 2010, the Claimant entered a guilty plea to all four counts of the indictment (Docket No. 30, Exhibit 5).  The Claimant was committed to the custody of the Bureau of Prisons for a term of twenty-five years on all counts to run concurrently with the sentence imposed in a pending case (Case No. 3:09 CR 000337, Docket No. 135).

Plaintiff filed a verified Complaint in Forfeiture against Defendant Chevrolet seeking its seizure.  The seizure warrant was executed on February 16, 2010 (Docket No. 3).  The Claimant filed an Answer (Docket No. 11).  The Claimant did not file an Opposition to Plaintiff's Motion for Summary Judgment (Docket No. 31).

### MOTION FOR SUMMARY JUDGMENT STANDARD OF REVIEW.

A moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  *Turner v. City of Taylor*, 412 F.3d 629, 637 -638 (6th Cir. 2005) (*citing* FED. R. CIV. P. 56(c)).  All evidence must be viewed in the light most favorable to the nonmoving party.  *Id.* (*citing Ellison v. Garbarino*, 48 F.3d 192, 194 (6th Cir. 1995)).  The moving party need not support its motion with evidence disproving the nonmoving party's claim, but need only show that there is an absence of evidence to support the nonmoving party's case.  *Id.* (*citing Celotex Corp. v. Catrett*, 325, 106 S. Ct. 2548, 2553 (1986)).

### DISCUSSION

Plaintiff argues that Defendant Chevrolet is subject to forfeiture under 21 U. S. C. § 881(a)(4).  The Claimant drove Defendant Chevrolet to the site where the Claimant participated in an illegal transaction.  Plaintiff seeks forfeiture of the Defendant Chevrolet arguing that the vehicle was used to facilitate Claimant's drug offense.

The Claimant contends that the mere use of the Defendant Vehicle to transport him to the place where he delivered a message about an illegal drug transaction is insufficient to justify forfeiture of that vehicle under Section 881(a)(4).  The vehicle was not used to transport drugs.  The Claimant concludes that the vehicle is not subject to forfeiture; consequently, seizing Defendant

4

Chevrolet was illegal.

Under 21 U. S. C § 881(a)(4), a vehicle used in any manner to facilitate the sale of a prohibited substance is subject to forfeiture. In a civil forfeiture action, the burden of proof is on the government to first make a preliminary showing of probable cause to believe that a vehicle was used in an illegal operation. *United States v. One 1984 Cadillac*, 888 F. 2d 1133, 1134 (6th Cir. 1999) (*citing United States v. One 1975 Mercedes 280S,* 590 F. 2d 196, 199 (6th Cir. 1978) (per curiam) (*quoting United States v. One Twin Engine Beech Airplane*, 533 F. 2d 1106, 1107 (9th Cir. 1976)). The probable cause standard in a forfeiture proceeding is the same standard employed to test searches and seizures. *Id.* In other words, there must be a 'reasonable ground for belief of guilt, supported by less than prima facie proof but more than mere suspicion. *Id.* (*citing United States v. $83,320 in United States Currency*, 682 F.2d 573, 577 (6th Cir. 1982) (*quoting United States v. $22,287.00 in United States Currency*, 520 F. Supp. 675, 678 (E. D. Mich. 1981) *abrogated on other grounds by Degen v. United States*, 116 S. Ct. 1777 (1996)).

The Sixth Circuit has determined, based in large part on examination of facts in *United States v. One 1977 Cadillac Coupe Deville,* 644 F. 2d 500, 503 (5th Cir. 1981) and *United States v. One 1979 Porsche Coupe*, 709 F. 2d 1424, 1426 (11th Cir. 1983), that the demonstrated use of a vehicle by a pivotal figure in a drug deal, only if such use is for transportation to the site of an illegal transaction, is sufficient to warrant forfeiture. *Id.* Use of a vehicle to transport the dealer to the scene creates a sufficient nexus between the vehicle and the transaction to validate forfeiture under 21 U. S. C. § 881. *Id.*

In the instant case, a DEA Task Force Agent and a Monroe County Sheriff's Deputy provided declarations and photographs that support a reasonable belief that the Claimant used Defendant Chevrolet to attend a meeting with the CS to negotiate the sale of a controlled substance. At the

5

meeting Claimant facilitated an illegal drug transaction which was completed later in the day when the CS met with Banda.  This undisputed version of events provided probable cause to believe that Defendant Chevrolet was used in an illegal operation (Docket No. 31, Exhibit 1, ¶s 5 & 6; Exhibit 3, ¶ 5; Docket No. 33, Exhibit 1).

Because Plaintiff has demonstrated that Defendant Chevrolet had a sufficient nexus to the sale of illegal drugs, the seizure of Defendant Chevrolet is ratified and the vehicle can be foreclosed under 21 U. S. C. § 881 (a)(4).

### CONCLUSION.

For these reasons, the Magistrate grants the Motion for Summary Judgment.


**IT IS SO ORDERED.**

/s/Vernelis K. Armstrong
United States Magistrate Judge

Date: May 11, 2011