**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | : | Case No. 3:09CV2965 |
| Plaintiff, | : | |
| v. | : | **MEMORANDUM DECISION AND ORDER** |
| **One 1965 Chevrolet Impala Convertible**, | : | |
| Defendant. | : | |

**I. INTRODUCTION**

The Magistrate Judge previously entered a judgment in favor of Plaintiff and against Eloy Pecina-Perez that granted forfeiture of Defendant Chevrolet pursuant to 21 U.S.C. § 881(a)(4). Pending is Mr. Pecina-Perez's (Claimant's) Motion for Relief from Judgment, Plaintiff's Opposition and Claimant's Reply (Docket Nos. 39, 40 & 41).  For the reasons that follow, the Magistrate denies the Motion for Relief from Judgment.

**II. JURISDICTION**

Pursuant to 28 U. S. C. §§ 1345 and 1355, this district court has original and exclusive jurisdiction over federal forfeiture matters filed under 21 U. S. C. § 881.

**III. THE PARTIES.**

Plaintiff, the United States of America, seeks forfeiture of a 1965 Chevrolet Impala

Convertible, identified by Vehicle Identification Number (VIN) 166675d182462 (Defendant

Chevrolet).

Claimant Elroy Pecina-Perez asserts a legal interest in Defendant Chevrolet.

### IV.  FACTUAL BACKGROUND.

The following is a brief summary of the findings of fact made in the Memorandum Decision

and Order.  Claimant does not dispute the accuracy of the findings.

On May 18, 2009, a Drug Enforcement Administration (DEA) Task Force Agent arranged

with a Confidential Source (CS) to wear an electronic listening device to his meeting with Claimant

Eloy Pecina-Perez at the Auto Zone (AZ) parking lot where Claimant worked (Docket No. 36, ¶s 9,

10).  Claimant drove the Defendant Chevrolet to the AZ parking lot and parked next to the CS

(Docket No. 36, ¶ 11).  During his discussion  with the CS, Claimant quoted a sales price of $9,000

for nine ounces of cocaine that he recently ordered and received (Docket No. 36, ¶s 12 and 14).  Later

the same day, the CS completed a controlled drug buy with Richard Garcia Banda, taking $9,000 in

photocopied official funds for use as payment and exchanging it for approximately nine ounces of a

chunky white substance later identified as cocaine (Docket No. 36, ¶s 15-17).

On July 1, 2009, the CS advised the DEA Agent and officers from the Oregon Police

Department (OPD) that Claimant had a large quantity of cocaine in his residence (Docket No. 36, ¶

18).  Under the direction of the DEA Agent, the CS assisted Claimant, Mr. Banda and three other

persons repackage 50 to 60 kilograms of cocaine (Docket No. 36, ¶ 19).  Later on the same date, the

2

DEA agent contacted OPD and advised that Mr. Banda was leaving Claimant's residence and that he was carrying 9 kilograms of cocaine in his car (Docket No. 36, ¶ 20). OPD stopped the car driven by Mr. Banda, and found the 9 kilograms of cocaine (Docket No. 36, ¶ 20). While executing a search warrant at Mr. Pecina-Perez's residence, 50 kilograms of cocaine were discovered and seized. During the search, Defendant Chevrolet was situated in Claimant's driveway (Docket No. 36, ¶s 22, 23). The estimated market value of the Defendant Chevrolet is $20,400; Claimant reported income of $14,000 in 2008 (Docket No. 36, ¶s 24 and 25).

### V. PROCEDURAL BACKGROUND.

1. On July 2, 2009, a criminal complaint was filed against Claimant and others for violating 21 U. S. C. § 841(a)(1), knowingly and intentionally possessing with intent to distribute approximately 50 kilograms of cocaine (Case No. 3:09 CR 00337, Docket No. 1).

2. On July 30, 2009, an indictment was filed in which the grand jury charged Mr. Pecina-Perez (Claimant) with four counts of knowingly and intentionally possessing with intent to distribute a scheduled II controlled substance, in violation of 18 U. S. C. § 841(a)(1) and (b)(1)(C) and 18 U. S. C. § 2 (Case No. 3:09 CR 00337, Docket No. 10).

3. On December 22, 2009, Plaintiff filed a verified Complaint in Forfeiture against One 1965 Chevrolet Impala Convertible (Docket No. 1).

4. On February 1, 2010, the seizure warrant for Defendant Chevrolet was executed (Docket No. 3).

5. On May 20, 2010, claimant entered into a sealed plea agreement which was accepted by United States District Court Judge David A. Katz (Case No. 3: 09 CR 000337, Docket Nos. 102 & 103).

6. On October 6, 2010, a judgment was entered as to Claimant, committing him to the custody of the Bureau of Prisons for a term of 300 months on all counts, to run concurrently with the sentence imposed in Case No. 3:05 CR 772-01, followed by supervised release for ten years (Case No. 3:09 CR 00337, Docket No. 114).

7. On December 1, 2010, Plaintiff filed a Motion for Summary Judgment (Docket No. 31) and an Amended Verified Complaint in Forfeiture was filed on December 15, 2010 (Docket No. 36).

8. On May 11, 2011, the Court entered a Memorandum Opinion and Order granting Plaintiff's

3

Motion for Summary Judgment and granting forfeiture of Defendant Chevrolet pursuant to 21 U. S. C. § 881(a)(4) (Docket Nos. 37 & 38). The Court Order and Judgment Entry were also mailed to Claimant on May 11, 2011.

9.      On December 28, 2011, Claimant filed a Motion for Relief from Judgment, Plaintiff filed an Opposition on January 3, 2012 and Claimant filed a Reply on February 2, 2012 (Docket Nos. 39, 40, & 41).

10.     On June 11, 2012, the Sixth Circuit Court of Appeals affirmed the district court's judgment as to Claimant's conviction (Case No. 3: 09 CR 00337, Docket No. 154).

## VI. STATUTORY FRAMEWORK FOR A MOTION FOR RELIEF FROM JUDGMENT.

Rule 60(b)(1) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for ... mistake, inadvertence, surprise, or excusable neglect." *Rodriguez v. Astrue,* 2012 WL 3138704, *3 (N. D. Ohio 2012) (*citi*ng FED. R. CIV. P. 60(b)(1)). In order to be eligible for relief under Rule 60(b) (1), the movant must demonstrate (1) the existence of mistake, inadvertence, surprise, or excusable neglect, **and** (2) that he or she has a meritorious defense. *Id.* (*citing Marshall v. Monroe & Sons, Incorporated*, 615 F.2d 1156, 1160 (6th Cir. 1980)). Courts have defined "neglect" to include late filings caused by mistake, inadvertence, or carelessness, as well as intervening circumstances beyond the party's control. *Id.* (*citing Burnley v. Bosch Americas Corporation*, 75 F. App'x 329, 333 (6th Cir. 2003)). Whether "neglect" is excusable involves an equitable determination that takes into account:

(1) the danger of prejudice to the other party,
(2) the length of delay,
(3) its potential impact on judicial proceedings,
(4) the reason for the delay, and
(5) whether the movant acted in good faith.

*Id.* (*citing Jinks v. AlliedSignal, Incorporated*, 250 F.3d 381, 386 (6th Cir. 2001)). Courts have discretion in ruling upon motions under Rule 60(b)(1). *Id.* (*citing Douglass v. Pugh*, 287 F.2d 500, 502 (6th Cir. 1961)).

4

A claim or defense is "meritorious," if "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Williams v. Meyer,* 346 F.3d 607, 614 (6th Cir. 2003) (*citing INVST Financial v. Chem-Nuclear Systems*, 815 F.2d 391, 398-99 (6th Cir. 1987) *cert. denied*, 108 S. Ct. 291 (1987) (internal quotations omitted) (emphasis added); *see also Amernational Industry v. Action-Tungsram, Incorporated*, 925 F.2d 970, 977 (6th Cir. 1991) *cert. denied*, 111 S. Ct. 2857 (1991)). The test of meritoriousness is not "likelihood of success," but merely whether the claim or defense is "good at law." *Id.* (*citing United Coin Meter Company v. Seaboard Coastline Railroad*, 705 F.2d 839, 845 (6th Cir. 1983)). Ambiguous or disputed facts must be construed "in the light most favorable to the [defaulted party]." *Id.* (*citing Amernational*, *supra*, 925 F.2d at 977).

### VII. ANALYSIS.

Claimant argues that the Court has a mistaken belief that he failed to file a substantive response to the Motion for Summary Judgment within the deadline. Claimant contends that his attempts at filing a responsive pleading were actually thwarted by the Court and his custodian at the penal institution. Therefore, he argues that he is entitled to reopen the merits of his underlying claim because any neglect attributed to him is excusable since the failure to file a responsive pleading was clearly outside the realm of his control.

Plaintiff argues that Claimant is not entitled to the relief requested and presents three reasons to deny the Motion for Relief for Judgment. First, summary judgment was appropriate in this forfeiture case since Claimant used Defendant Chevrolet to facilitate a drug trafficking conspiracy that occurred while Claimant was in the car parked in his employer's lot. Second, the plea agreement is devoid of any provisions that would preclude forfeiture by the government.. Third, Claimant's attempted response was untimely.

**A. MISTAKE, INADVERTENCE, SURPRISE OR EXCUSABLE NEGLECT.**

Claimant does not argue mistake of fact or legal error in the underlying judgment, inadvertence or surprise under the provision of Rule 60(b)(1). Instead, Claimant contends that because he did all that he reasonably could to ensure compliance with the filing deadlines, he can demonstrate excusable neglect and a meritorious defense.

When taking into account the factors for making an equitable determination of excusable neglect, the Magistrate finds that the danger of prejudice to Plaintiff is significant. If given leave to file a responsive pleading, Plaintiff would be prejudiced by having to prepare additional pleadings. Since no appeal was filed, Plaintiff relied upon the Court's order granting forfeiture for five months before Claimant communicated with the Court. This first factor does not weigh in Claimant's favor.

Turning to the second factor, the length of the delay in filing is unambiguous. The Motion for Summary Judgment was filed and served upon Claimant's counsel on December 1, 2010. The Court granted counsel leave to withdraw on December 13, 2010. On the same date, Claimant was transported to the Metropolitan Detention Center in Brooklyn, New York (MDC). The United States Marshal averred that Claimant was served at MDC with the order granting him an additional 31 days to oppose the pending Motion for Summary Judgment (Docket entry dated December 13, 2010). As evidenced by the return mailed to Claimant at the Gilmer Federal Correctional Institution at Glenville, West Virginia on October 19, 2011, he made no attempt to communicate with the Court until the Fall of 2011 (Docket No. 39, Attachment A). Effectively he waited more than four months after the Court entered a final judgment before attempting to seek relief.

The Magistrate finds that Claimant has not presented valid reasons for the delays and the extent of the delays were fairly within his control. This third factor therefore weighs against Claimant.

6

When considering the fourth factor, the impact on judicial proceedings is clear.  While the delays in filing were not particularly inordinate, Claimant did not exercise due diligence when communicating with the Court.  He never filed any pleadings in a timely manner, he failed to take advantage of the additional time given him to respond to the Motion for Summary Judgment or otherwise communicate with the Court.  Thus, the adverse impact of his delay on the judicial proceedings weighs against Claimant..

At step four of this review, the Magistrate finds it disingenuous for Claimant to suggest that the Court or his custodian somehow interfered with his efforts to comply with the Court's order.  Claimant acknowledged that he knew a response was due when his counsel withdrew and that the Court had given him additional time within which to proffer a response.  He neglected to file a pleading or communicate with the Court regarding his inability to respond.

Both the Court and Plaintiff forwarded a copy of the Amended Verified Complaint that Claimant received on January 3, 2011 (Docket No. 41, Attachment A).  Claimant did not file an answer to the Complaint or seek leave to file after a delay.  Instead, Claimant waited until December 28, 2011, to file his own Motion for Relief from Judgment.  The Magistrate notes that Claimant's pattern of ignoring the procedural rules does not favor a finding that he acted in good faith when representing to the Court that it and/or his warden were responsible for his delayed filings or his failure to file.

In conclusion, the Magistrate has considered the five factors that are a pre-condition to an equitable determination of excusable neglect.  None of the five factors weigh in Claimant's favor  and he has not shown the late filings occurred because of simple, faultless or even careless omissions.  The evidence suggests that Claimant's failure to act was the result of unexcusable neglect.  Taking into account all the relevant circumstances surrounding his omissions, the Magistrate finds that

7

Claimant is highly culpable for failure to communicate with the Court or file timely responsive pleadings.  There is no evidence that his efforts were thwarted by the Court or his custodian at the penal institution.

### B.  MERITORIOUS DEFENSES–USE OF THE AUTOMOBILE.

The second factor to consider is whether granting leave to Claimant for purposes of filing a response to the Motion for Forfeiture will open up the possibility of a different outcome.  Claimant suggests that the government did not have probable cause to seize or forfeit his automobile since Defendant Chevrolet was used to transport him to work.  The conversation with the CE about the sale of drugs in his employer's parking lot was incidental to the use of Defendant Chevrolet to get to work.  In other words, there is no evidence that Defendant Chevrolet was used to conceal, sell or transport drugs.

Forfeiture of a vehicle under 21 U. S. C. § 881 requires unrebutted probable cause to believe that a vehicle was used in an illegal operation.  *United States v. One 1984 Cadillac*, 888 F. 2d 1133, 1134 (6th Cir. 1999) (*citing United States v. One 1975 Mercedes 280S*, 590 F. 2d 196, 199 (6th Cir. 1978) (per curiam) (*quoting United States v. One Twin Engine Beech Airplane*, 533 F. 2d 1106, 1107 (9th Cir. 1976)).   The probable cause standard in a forfeiture proceeding is the same standard employed to test searches and seizures.  *Id*.

Under 21 U. S. C § 881(a)(4), a vehicle used in any manner to facilitate the sale of a prohibited substance is subject to forfeiture.

> All conveyances, including ... vehicles ... which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of [controlled substances manufactured, distributed, dispensed, or acquired in violation of this subchapter]" are subject to forfeiture.

*United States v. Smith*, 510 F.3d 641, 651 (6th Cir. 2007) (*citing* 21 U.S.C. § 881(a)(4)).

8

Section 881(a)(4) only requires the government to establish probable cause to believe the vehicle was used "in any manner to facilitate the transportation, sale, receipt, possession, or concealment of [the prohibited substance]."  *One 1984 Cadillac*, *supra*, 888 F.2d at 1137 (*citing* 21 U.S.C. § 881(a)(4)).  The Sixth Circuit determined that upon review of relevant case law, that use of a vehicle only for transportation to the site of an illegal transaction has been held sufficient to warrant forfeiture, even under the "substantial connection" standard.  *Id.*  Specifically, in *United States v. One 1977 Cadillac Coupe deVille*, 644 F.2d 500 (5th Cir. Unit B 1981), the court held that the provision in section 881(a)(4) authorizing forfeiture of a vehicle used "in any manner" to facilitate transportation or sale of drugs encompassed an automobile used to transport a drug dealer and an accomplice to the scene of a transaction.  *Id.*  Similarly, in *United States v. One 1979 Porsche Coupe*, 709 F.2d 1424 (11th Cir. 1983), the court, applying the substantial connection test in a section 881(a)(4) forfeiture action, required the government to demonstrate "probable cause for the belief that a substantial connection exists between the vehicle to be forfeited and the relevant criminal activity."  *Id.* (*citing One 1979 Porsche Coupe,* 709 F. 2d at 1426).  In that case, the vehicle was used to transport a "pivotal figure in the transaction" several hundred miles to a location where an attempted drug purchase took place.  *Id.* at 1137-1138 (*citing One 1979 Porsche Coupe*, 709 F. 2d at 1427).  The vehicle had transported neither contraband nor money.  *Id.*  Nevertheless, the court held that the vehicle "had a sufficient nexus to the attempted drug purchase to support the forfeiture." *Id*.

In the instant case, Defendant Chevrolet was used to transport an alleged drug dealer, who was later convicted, to a site wherein a transaction to consummate a drug deal at a later time was facilitated.  The Magistrate concludes that use of the vehicle to transport the dealer to the scene forms a sufficient nexus between the vehicle and the transaction to validate forfeiture under 21 U.S.C. § 881.

9

### C. MERITORIOUS DEFENSE–THE PLEA AGREEMENT.

Claimant also suggested that one of the principal reasons to enter a plea agreement was to preserve his interest and title to Defendant Chevrolet.  The basis of the bargain was that the government would forgo any forfeiture proceeding on Defendant Chevrolet.  He further contends that under the breached agreement, the filing of a cause in forfeiture against Defendant Chevrolet cannot relieve Claimant of his interests in Defendant Chevrolet.

The Magistrate finds Claimant's contention misguided as neither party has demonstrated that under the terms of the plea agreement, forfeiture of his interests in Defendant Chevrolet was precluded.  Claimant contends that his counsel advised him that Defendant Chevrolet was not subject to forfeiture; however, he did not present evidence in support of his understanding of this term in the sealed plea agreement.  Counsel for Plaintiff has clearly articulated in the Opposition that there was no obligation to refrain from forfeiture expressed in the sealed plea agreement.  The sealed plea agreement expressly stated that there were no additional promises, understandings or agreements between the government, defendant and counsel concerning any other criminal prosecution, civil litigation or administrative proceeding (Docket No. 40, p. 4 of 11).

Neither does the Magistrate construe any of the comments during the colloquy at  the plea or sentencing hearings conducted by the Court on October 4, 2010 and October 6, 2010 that an agreement by the government to forgo forfeiture of Claimant's interest in Defendant Chevrolet existed (Docket No. 113, 114, 135).  The record as a whole provides no evidence upon which the Magistrate can conclude that any promises were made to forego forfeiture of Defendant Chevrolet..

Since Claimant has not demonstrated the existence of mistake, inadvertence, surprise, or excusable neglect, **and** that he has a meritorious defense, he is not entitled to relief from judgment.

**VIII. CONCLUSION.**

For these reasons, the Magistrate denies the Motion for Relief from Judgment and ordered that the Court close the case.

**IT IS SO ORDERED.**

/s/Vernelis K. Armstrong
United States Magistrate Judge

Date:   August 17, 2012
.

11