**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 3:09 CV 2965 |
| Plaintiff, | : | |
| v. | : | |
| ONE 1965 CHEVROLET IMPALA CONVERTIBLE, | : | **MEMORANDUM AND O R D E R** |
| | : | |
| Defendant. | | |

### I.  INTRODUCTION.

This matter before the undersigned Magistrate Judge is an unopposed Motion for Leave to Proceed on Appeal *In Forma Pauperis* filed *pro se* by Eloy Perez.  For the reasons stated below, the Magistrate Judge denies the Motion (Docket No. 45).

### II. FACTS AND PROCEEDINGS.

Relevant facts from this case are derived, in part, from the underlying criminal case (Case No. 3:09 CR 00337) and the facts adduced in the Motion for Summary Judgment filed in this forfeiture case (Docket No. 31).

On May 18, 2009, Claimant Eloy Perez was recorded by a confidential informant brokering the sale of nine ounces of cocaine.  He drove Defendant One 1965 Chevrolet Impala Convertible, VIN 166675d182462, to the situs of where this transaction was consummated (Docket No. 1, ¶ 1;

Docket No. 36, ¶ 9). On July 2, 2009, Defendant was fully seized by law enforcement personnel and on July 30, 2009, the Claimant was indicted on four counts of intentionally possessing with intent to distribute cocaine. On December 22, 2009, Plaintiff filed a Verified Complaint in Forfeiture against One 1965 Chevrolet Impala Convertible. Claimant Eloy Perez and his counsel, David S. Steingold, were served with the verified claim to the vehicle on December 23, 2009 (Docket No. 5, Attachment 3).

Pursuant to FED. R. CIV. P. 55(a), the Clerk of Court entered an entry of default against Claimant for failure to plead, answer or otherwise defend his possible interest in the defendant property on April 19, 2010 (Docket No. 6). A stipulation of the parties approved by the Court was entered on April 21, 2010, granting Mr. Steingold leave to enter an appearance and file a verified claim and answer. An Answer to the Complaint was filed with an attendant claim of ownership on April 23, 2010 (Docket No. 11). The parties consented to transfer of the docket to the undersigned Magistrate Judge on June 29, 2010 (Docket No. 18).

On October 6, 2010, Claimant was sentenced on all four counts and committed to the custody of the Bureau of Prisons (Case No. 3:09 CR 00337, Docket No. 114). On December 1, 2010, Mr. Steingold filed a Motion to Withdraw as counsel in this case and Plaintiff filed an Amended Complaint in Forfeiture and a Motion for Summary Judgment (Docket Nos. 30 & 31). Claimant was served with both the Motion for Summary Judgment and the Amended Complaint at a federal institution in Brooklyn, New York, but failed to file a responsive pleading or answer (Docket Nos. 31, 36).

Judgment was entered in favor of Plaintiff and against Claimant on May 11, 2011 in this forfeiture case (Docket Nos. 37 & 38). On June 11, 2012, the Sixth Circuit Court of Appeals affirmed the district court's judgment as to Claimant's conviction (Case No. 3: 09 CR 00337, Docket

2

No. 154). Claimant filed a Motion for Relief from Judgment in the forfeiture case and the undersigned Magistrate Judge denied such motion on August 17, 2012 (Docket Nos. 42 & 43). On September 17, 2012, Claimant filed a notice of appeal in the Sixth Circuit Court of Appeals from the denial of the Motion for Relief from Judgment. He also filed a Motion to Appeal *in Forma Pauperis* and Affidavit in this forfeiture case (Docket Nos. 44, 45 & 45, Attachment 1).

### III. THE AUTHORITY.

FED. R. APP. P. 24 and 28 U. S. C. §1915 govern the determination of applications to proceed with an appeal *in forma pauperis*.

Subject to subsection (a) of FED. R. APP. P. 24 (1), (4):

**(a)** **Leave to Proceed *In Forma Pauperis*.**

(1) Motion in the District Court. Except as stated in Rule 24(a)(3), a party to a district court action who desires to appeal *in forma pauperis* must file a motion in the district court. The party **must** attach an affidavit that:
(A) shows in the detail prescribed by FORM 4 OF THE APPENDIX OF FORMS the party's inability to pay or to give security for fees and costs;
(B) claims an entitlement to redress; and
(C) states the issues that the party intends to present on appeal.

FED. R. APP. P. R 24(a)(1) (Thomson Reuters 2012).

Title 28 U. S. C. § 1915(a) (1), (3) provide:

(1) Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

(3) An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith.

### IV. APPLICATION.

3

The Magistrate finds that Claimant has neither complied with the procedural paradigms for obtaining leave to file an appeal *in forma pauperis* nor submitted his claims in good faith.  In the Motion to Proceed, Claimant seeks leave to proceed on appeal without prepayment of fees or costs.  With this request, Claimant failed to attach an affidavit showing in detail the information prescribed by FORM 4 OF THE APPENDIX OF FORMS TO THE FEDERAL RULES OF APPELLATE PROCEDURE, the nature of his appeal and his right to redress.  Claimant cannot be accorded leave under the federal rules merely because he disregarded the procedural requirements.

Furthermore, under Section 1915(a)(3), an appeal may not be taken *in forma pauperis* if the court certifies in writing that it is not taken in good faith.  *Rivers v. Mohr,* 2012 WL 1155101, *6 (N. D. Ohio, 2012).  The good faith determination under 28 U.S.C.A. § 1915(a) is not subjective; rather, good faith must be measured by objective standards.  *Coppedge v. United states*, 82 S. Ct. 917, 920-921 (1962).  Thus, in order to determine that an appeal is in good faith, the court needs only to find that a reasonable person could suppose that the appeal has some merit.  *Anderson v. Sundquist,* 1 F. Supp. 828, 834 (W. D. Tenn., 1998).  The requirement of demonstrating good faith is met by an applicant's presentation of any issue that is not plainly frivolous, a term which does not have a moral or subjective meaning in this context.  *Id.*  The good faith standard is an objective one.  *Id*.  Thus, an appellant's good faith subjective motivation for appealing is not relevant.  *Coppedge, supra*, 82 S. Ct. at 920-921.  The test for whether an appeal is taken in good faith under Section 1915(a) is whether Claimant seeks appellate review of any issue that is not frivolous.  *Id.*

Upon review of these pleadings, the undersigned Magistrate Judge can perceive of no legitimate, non-frivolous issue to be presented on appeal. The Magistrate Judge granted Plaintiff's Motion for Summary Judgment because it was based on clear authority found in 21 U. S. C. §

881(a)(4), that a vehicle used to facilitate the sale of a prohibited substance is subject to forfeiture. The Magistrate Judge denied Claimant's Motion for Relief from Judgment because he failed to demonstrate the existence of mistake in the judgment of the Court and that he had a meritorious defense. In fact, none of Claimant's filings since the granting of the Motion for Summary Judgment have presented a meritorious reason as to why the Court's decision to grant judgment in favor of Plaintiff should be overturned. Claimant's decision to appeal the denial of the Motion for Relief from Judgment cannot be taken in good faith.

## V. CONCLUSION

After due and proper consideration of all portions of this file that are deemed relevant to Claimant's claims, the Magistrate Judge denies the Motion to Proceed *In Forma Pauperis.* If Claimant files an appeal, he must pay the filing fee in full. The Clerk of the district court shall notify the Court of Appeals contemporaneously with the parties that the Motion to Proceed *In Forma Pauperis* was denied.

**IT IS SO ORDERED**.

/s/Vernelis K. Armstrong
United States Magistrate Judge


Date:   October 15, 2012

5